OPINION
{¶ 1} Appellant Christopher McLaughlin appeals the Morrow County Court of Common Pleas' decision to impose jail time, after he admitted to violating community control sanctions, on the basis that the sentence violates R.C. 2929.19(B)(5). The following facts give rise to this appeal.
 {¶ 2} On February 9, 2000, the Morrow County Grand Jury indicted appellant on one count of grand theft, a felony of the fourth degree; ten counts of passing bad checks, felonies of the fifth degree; and six counts of passing bad checks, misdemeanors of the first degree. On March 6, 2000, appellant entered into a plea agreement and pled guilty to one count of grand theft, a felony of the fourth degree, and five counts of passing bad checks, felonies of the fifth degree. Thereafter, the matter was referred to the Morrow County Adult Probation Department for a pre-sentence investigation.
 {¶ 3} On May 5, 2000, appellant appeared before the trial court for sentencing. The trial court found a presumption against prison time and instead, sentenced appellant to a period of five years community control sanctions. The trial court also ordered, as a residential sanction, that appellant serve thirty days in the Morrow County Correctional Facility with credit for time served.
 {¶ 4} On November 30, 2001, appellant entered a guilty plea to violations of the community control sanctions. The trial court ordered a pre-sentence investigation. Subsequently, on January 18, 2002, the trial court sentenced appellant to thirty-nine months of incarceration. On May 2, 2002, we granted appellant leave to file a delayed appeal. Appellant sets forth the sole assignment of error for our consideration:
 {¶ 5} "I. THE CURRENT AND PRESENT SENTENCE IMPOSED UPON THE APPELLANT IS CONTRARY TO LAW BECAUSE THE SENTENCE IS IN VIOLATION OF THE RULES SET FORTH IN R.C. 2929.15(B) AND § 2929.19(B)(5)."
 I {¶ 6} Appellant maintains, in his sole assignment of error, the trial court erred when it sentenced him to a prison term because the trial court failed to give notice of a specific prison term that it would impose if he violated community control sanctions. We agree.
 {¶ 7} In support of this argument, appellant cites R.C.2929.19(B)(5), which provides:
 {¶ 8} "(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific term that my be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14
of the Revised Code."
 {¶ 9} R.C. 2929.15(B) outlines the permissible penalties that can may imposed upon a community control violator. While, pursuant to such section, a violator may be sentenced to prison, any prison sentence imposed "* * * shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of Section 2929.19 of the Revised Code." A trial court, therefore, cannot sentence a community control violator to a longer prison term than it originally notified the violator of at the time of the violator's sentencing hearing.
 {¶ 10} Appellant maintains, at the sentencing hearing when he was sentenced to community control sanctions, the trial court failed to indicate the specific term it would impose if he violated community control sanctions The state concedes the trial court failed to mention a specific prison term at the sentencing hearing. However, the state maintains the trial court placed appellant, on notice, at the plea hearing, the initial sentencing hearing and the revocation hearing that he could be sent to prison if he violated community control sanctions. See Tr. Plea Hrng., March 6, 2000, at 25; Sentencing Hrng., May 5, 2000, at 11; Revocation Hrng., Nov. 30, 2001, at 4.
 {¶ 11} Also, the original sentencing judgment entry indicates the maximum prison term for count one of the indictment, in the event of a community control violation, is up to eighteen months. Judgment Entry of Sentence, May 8, 2000, at 8. Thus, the state concludes the trial court substantially complied with R.C. 2929.19(B)(5).
 {¶ 12} We have previously addressed this issue in three cases. InState v. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010, we concluded the trial court met the requirements of R.C. 2929.19(B)(5) where it informed the defendant, at the change of plea hearing, of the range of possible prison terms for a felony of the third degree. Id. at 1. Also, the Acknowledgment of Guilty Plea form signed by the defendant indicated the possible prison terms. Id. Finally, an amended sentencing entry filed by the trial court indicated that the defendant could receive a specific term of three years for violation of the terms and conditions of his community control sanctions. Id. at 2.
 {¶ 13} The second case to address this issue is State v. John
(Apr. 12, 2000), Tuscarawas App. No. 1999 AP 090057. In the John case, we also concluded the trial court complied with the requirements of R.C.2929.19(B)(5) where the trial court informed the defendant, at the change of plea hearing, of the possible prison terms for a felony of the fifth degree. Id. at 1. Further, the Acknowledgment of Guilty Plea form also advised the defendant of the possible range of prison terms. Id.
 {¶ 14} The most recent case to address this issue is State v.Ihinger, Muskingum App. No. CT2001-0061, 2002-Ohio-3080. In Ihinger, we concluded the trial court did not comply with R.C. 2929.19(B)(5). In reaching this conclusion, we stated:
 {¶ 15} "The only mention of a possible prison term, at the sentencing hearing, was a question by the trial court, to appellant, as to whether he understood that the offenses with which he was charged carried possible jail time. Tr. Sentencing Hrng., Nov. 1, 1999, at 6. This statement is insufficient to comply with the requirements of R.C.2929.19(B)(5) since the statute specifically provides that the defendant shall be notified of the specific prison term if the trial court decides to impose a community control sanction. Although appellant received written notice of the possible prison term in the change of plea form and the sentencing judgment entry, we find this notice does not comply with the requirements of the statute." Id. at 4.
 {¶ 16} We find the case sub judice almost factually identical to the Ihinger case. As in Ihinger, in the matter currently under consideration, the trial court, at the sentencing hearing, informed appellant that he could receive a prison term for violation of community control sanctions. Also, as in Ihinger, appellant received written notice of the maximum prison terms, for the offenses, in both the change of plea form and sentencing judgment entry. However, the prison term referred to, in the sentencing judgment entry, only concerns count one of the indictment. The judgment entry of sentence filed on June 28, 2000, which corrects the original judgment entry of sentence, does not mention any possible prison terms for violation of community control sanctions.
 {¶ 17} Accordingly, we conclude, pursuant to our decision inIhinger, the trial court should not have sentenced appellant to a prison term for violating the conditions of his community control sanctions. The thirty-nine month prison term imposed by the trial court is vacated. Appellant's original sentence of five years community control sanctions is re-instated and appellant shall serve the remainder of this sentence.
 {¶ 18} Appellant's sole assignment of error is sustained.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby reversed.
By: Wise, J., Farmer, P.J., and Boggins, J., concur.